IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CALVIN R. NIDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-06149-CV-SJ-SWH |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is plaintiff's Motion For 42 U.S.C. § 406(b) Attorney Fees. (Doc. # 28) Counsel seeks attorney's fees in the amount of $11,100.00 for work performed before this Court. Defendant does not object to plaintiff's fee request, but points out that attorney fees of $7,500.00 were previously awarded to plaintiff's counsel under the Equal Access to Justice Act (EAJA). If section 406(b) fees are awarded, defendant requests that the Court direct plaintiff's counsel to refund to plaintiff the lesser of the EAJA or section 406(b) fees. (Doc. # 30)

I. PROCEDURAL BACKGROUND

Plaintiff filed an application for disability benefits on February 16, 2015. (Doc. # 28) The request was denied initially and by an Administrative Law Judge (ALJ) following a hearing[1]. (Doc. # 28 at 1) On November 16, 2017, the Appeals Counsel denied claimant's request for review, and an appeal was taken to this Court. (Doc. # 1) On September 18, 2018, this Court reversed the decision of the ALJ and remanded the case for further proceedings. (Doc. # 20)

---

[1] On July 16, 2013, claimant entered in to a contract with Roger Driskill agreeing that if his claim was successful he would pay his representatives twenty-five percent of any back benefits he was awarded. (Doc. # 29-1 at 1-2)

Thereafter, the Court awarded attorney fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $7,500.00. (Doc. # 26)

On remand, the ALJ issued a favorable decision, and plaintiff was awarded back benefits. Twenty-five percent of the back benefits, which amounted to $11,100.00, was withheld by the Social Security Administration for representative or attorney fees. (Doc. # 28-2 at 5) It appears that $6,000.00 of this amount has already been distributed for fees awarded for work done at the administrative level pursuant to 42 U.S.C. § 406 (a). (Doc. # 28-2 at 1)

Irrespective of the amount currently being held by the Social Security Administration, plaintiff's counsel seeks an award of twenty-five percent of the back benefits awarded for work done before this Court pursuant to 42 U.S. C. § 406(b). Based upon the United States Supreme Court's decision in Culbertson v Berryhill, 139 S. Ct. 517 (2019), an award of twenty-five percent of back due benefits under section 406(b) is not foreclosed merely because an award has also been made under section 406(a). The Commissioner does not oppose payment of an attorney fee of $11,100.00 for work performed before this Court. (Doc. # 30)

## II. ATTORNEY'S FEES PURSUANT TO 42 U.S.C.§ 406(b)

The statute governing the award of court-approved attorney's fees in social security cases states in relevant part that:

(b) Fees for representation before court

**(1)(A)** Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

42 U.S.C. § 406(b)(1)(A). The twenty-five percent statutory maximum is not an automatic entitlement. The court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789 (2002). In Gisbrecht, the Court observed that the statute "calls for

2

court review of such arrangements [contingent fee] as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807. Courts may appropriately reduce an attorney's recovery based on the character of the representation or if the benefits are large in comparison to the amount of time counsel spent on the case. Id. at 808. It is recognized that an increase in the hourly rate is appropriate where, due to the contingency, there is a risk of receiving no payment at all. See Swanberg v. Astrue, 2009 WL 1382290, *4 (D. Neb. May 15, 2009).

Thus, in cases in which experienced counsel have obtained excellent results for their clients, decisions in several cases in this district have used a factor of 2.8 times the normal hourly rate to determine a reasonable fee pursuant to 42 U.S.C. § 406(b)(1). See Teel v. Colvin, 2014 WL 4185725, *2 (W.D. Mo. August 22, 2014); Burton v. Astrue, 2011 WL 5117655, *1-2 (W.D. Mo. Oct. 26, 2011); Whitehead v. Barnhart, 2006 WL 910004, *2 (W.D. Mo. Apr. 7, 2006).

Here, the Court recognizes that plaintiff's counsel is an experienced attorney who specializes in social security disability cases and who has worked on this case for an extended period of time. He obtained an outstanding result for his client. While counsel does not state his normal hourly rate, in this case, he asked for reimbursement under the EAJA at the rate of $204.27 per hour for work performed in 2018. (See doc. #23-1 at 2) The pending fee request under section 406(b) equates to $273.40 per hour ($11,100 ÷ 40.6 = $273.40)[2]. This rate is significantly less than 2.8 times counsel's 2018 EAJA rate of $202.34 per hour.

In the circumstances of this case, the Court finds that an award of $11,100 for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A) is reasonable within the meaning of the statute and case law. For the reasons discussed herein, it is

---

[2] Although counsel indicates that he expended 48.6 hours in work before the Court, it appears that the number of hours spent is actually 40.6.

ORDERED that plaintiff's Motion For 42 U.S.C. § 406(b) Attorney Fees, doc. # 28, is granted, and pursuant to 42 U.S.C. § 406(b)(1)(A), an attorney fee of $11,100.00 is awarded to plaintiff's counsel. It is further

ORDERED that the Social Security Administration is directed to pay plaintiff's counsel the amount remaining in the representative's fund[3]. It is further

ORDERED that pursuant to the contractual agreement, Roger Driskill is authorized to collect from plaintiff the remainder of the twenty-five percent fee still outstanding after receipt of the funds held by the Social Security Administration for work performed before this Court[4]. It is further

ORDERED that counsel for plaintiff is directed to refund to plaintiff $7,500.00 which represents attorney's fees previously paid to counsel under the EAJA.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE

---

[3] It is estimated that $5,100.00 remains in that fund after payment for fees incurred pursuant to section 406(a).
[4] It is believed the amount outstanding to be collected after payment to counsel of the funds still being held by the Social Security Administration will be $6,000.00.